# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMPSON, et al.,<br><br>　　　　Defendants. | **1:19-cv-00330 JLT (PC)**<br><br>**ORDER VACATING ORDER TO SHOW CAUSE; AND**<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER REQUIRING PLAINTIFF TO FILE NOTICE**<br><br>**(Docs. 1, 2, 9)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner who brings this action against governmental employees who are accused of violating plaintiff's constitutional rights. Because it appeared plain on the face of the complaint that plaintiff did not exhaust his administrative remedies prior to filing suit, plaintiff was ordered to show cause why this action should not be dismissed for failure to exhaust. (Doc. 9.) Plaintiff has since filed a response to the Order to Show Cause. (Doc. 10.) For the reasons set forth below, the Court will vacate the Order to Show Cause, grant plaintiff's motion to proceed in forma pauperis, and direct plaintiff to file a notice following the screening of his complaint.

////

1

## I. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a state inmate housed at California State Prison in Corcoran, California. He names as defendants Supervising Senior Psychologist Thompson, Facility Captain Burns, Correctional Sergeant Hawthorne, Psychologist Houston, Psychologist Shoemaker, Correctional Officer ("CO") Scalley, CO Madrigal, CO Castalas, CO Perez, CO Diaz, and Psychiatric Technician Robinson. Each defendant is sued in his or her individual and official capacity. Plaintiff seeks declaratory relief and damages.

Plaintiff's allegations can be summarized as follows:

Plaintiff is a participant in the Enhanced Outpatient Program ("EOP"), which provides care to inmates with grave mental disabilities. Plaintiff himself is an exhibitionist with major depression and a cutting disorder.

### A. Placement in Mental Health Crisis Bed

On February 9, 2019, plaintiff engaged in self-injurious cutting after finding a razor in his cell. Between February 10, 2019, and February 18, 2019, plaintiff was held in a mental health crisis bed under the care of defendants Thompson, Houston, and Shoemaker. On February 15, 2019, plaintiff was discovered masturbating by non-party Dr. Romeo. This incident distressed plaintiff, causing him to cut himself more.

On February 19, 2019, plaintiff was taken before an Interdisciplinary Treatment Team ("IDTT"). At this hearing, the February 15 exhibitionist incident involving Dr. Romeo was discussed at length by defendant Thompson. When plaintiff complained that the team members were not addressing plaintiff's clear need for a higher level of mental health care and stated that he intended to file an inmate grievance, defendant Thompson ordered defendants Houston and Shoemaker "to act in concert to exclude plaintiff from mental health treatment."[1] Plaintiff was ordered discharged from the mental health crisis bed and the Department State Hospital-level of care.

////

////

---

[1] Liberally construing the pleading, it appears that each of these defendants may have been a member of the IDTT.

**B. Transfer to Administrative Segregation**

Defendants Thompson, Houston, and Shoemaker arranged for CO Scalley and CO Madrigal to escort plaintiff to administrative segregation ("Ad-Seg"), a location that defendant Houston knew from a prior incident to be dangerous for plaintiff considering the abuse plaintiff experienced there and the lack of treatment for his mental health. In fact, Houston intervened on plaintiff's behalf during that prior incident. When plaintiff reminded Houston and the others of this prior incident, they ignored plaintiff and ordered him to be housed there.

Once plaintiff was taken to a holding cage in Ad-Seg, CO Scalley forcefully pushed plaintiff into the cage causing plaintiff's torso and head to slam into the back wall. Sgt. Hawthorne told plaintiff, "the doctors told me how to handle you. Your [*sic*] in the right place to play your suicidal games." Sgt. Hawthorne then directed CO Scalley and CO Madrigal to "spray his ass" if plaintiff cut himself. CO Scalley removed all of plaintiff's legal papers and said, "back here, all litigations against department staff is considered contraband." When plaintiff said, "that's not a rule," CO Scalley responded, "I will beat on your face and won't stop until its nice and bloody if you don't shut up, ask any inmate back here if you don't believe me."

CO Castalas arrived and, after speaking with CO Scalley, housed plaintiff in a cell where plaintiff claims there was a piece of broken glass that he used to cut his wrist to relieve anger and distress. Panicked by the blood, plaintiff sought help from CO Castalas who instead sprayed plaintiff with pepper spray while yelling "black j-cat motherfucker."[2] CO Perez arrived and also sprayed plaintiff with a can of pepper spray.

Plaintiff was removed from the contaminated cell and placed in a holding cage for 1-2 hours with no medical care or means to decontaminate from the pepper spray. When plaintiff asked Psychiatric Technician Robinson for medical help, this defendant refused to enter the cage because "hundreds of other inmates' fluids [are] all over them so I'm not comming [*sic*] near them to treat your open wound, just don't let your wound touch the cage." Plaintiff then asked to rinse off the pepper spray, but Robinson said, "they say your [*sic*] fine so I'm not gonna order that." Robinson

---

[2] "J-Cat" is a derogatory term used to describe or identify seriously mentally ill inmates.

3

then falsified medical records to say plaintiff was allowed decontamination and given instructions on how to do so.

CO Castalas arrived at the holding cage to say, "the sergeant said if you keep threatening to file a 602 appeal to leave you in here so if you want to get out stop asking to write an appeal." Plaintiff was then rehoused in the same contaminated cell and in constant pain all night. Plaintiff claims that [t]his is a practice ratified by defendant Burns in his supervision and command over ad-seg, a practice directed towards inmates with mental illnesses."

On February 20, 2019, plaintiff was again admitted to the mental health crisis bed to decontaminate. However, the February 19 discharge order following the IDTT hearing remained in effect.

## II. Exhaustion Requirement

### A. Legal Standard

Plaintiff is a prisoner suing over the conditions of his confinement. Therefore, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the face of the complaint." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v. Cal. Dep't of Corr. and Rehab., 474 Fed. Appx. 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

**B. Analysis**

Review of plaintiff's complaint suggests that he did not exhaust his administrative remedies prior to initiating this case. This determination was based on the fact that the conduct complained of occurred on or before February 20, 2019, and plaintiff initiated this case less than three weeks later. Thus, the Court directed plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies prior to filing suit. In his response, plaintiff highlights that he was threatened with continued retaliation for filing an inmate grievance. Good cause appearing, the Order to Show Cause will be vacated. Ross v. Blake, 136 S. Ct. 1850, 2858-58 (2016).

**III. Three Strikes Analysis**

Before screening the complaint, the Court notes that plaintiff is a three-strikes litigant and his motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a) is pending. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma

pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

**A. Three Prior Strikes**

Inspection of other cases filed by plaintiff in this Court has led to the identification of at least three cases brought by plaintiff that qualify as strikes. The Court takes judicial notice of the following lawsuits filed by plaintiff:[3]

- Williams v. Narramore, et al., 2:03-cv-01972-UA-AJW (C.D. Cal., West. Div., July 25, 2003): Order denying IFP and dismissing case for "failure to state a claim on which relief can be granted" pursuant to 28 U.S.C. § 1915(e) [Doc. 6] (strike one);

- Williams v. Gonzer, 2:04-cv-08941-UA-AJW (C.D. Cal., West. Div., Nov. 22, 2004): Order denying IFP and dismissing case for "failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1) [Doc. 2] (strike two);

- Williams v. Young, 2:08-cv-01737-WBS-CMK (E.D. Cal., June 4, 2010): Findings and Recommendations ["F&R"] to dismiss Amended Complaint for failing to state

---

[3] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

6

a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), (2) [Doc. 55]; (E.D. Cal. June 29, 2010: Order adopting F&R and dismissing case [Doc. 57] (strike three);

- <u>Williams v. Hubbard, et al.</u>, 2:10-cv-01717-UA-FFM (C.D. Cal., West. Div., July 6, 2010): Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted" [Doc. 3] (strike four);

- <u>Williams v. Hubbard, et al.</u>, Ninth Circuit Appeal No. 10-56230 (Nov. 4, 2010): Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous" [Doc. 6]); Dec. 8, 2010 Order dismissing appeal for failure to prosecute [Doc.]) (strike five);

- <u>Williams v. Harrington, et al.</u>, 1:09-cv-01823-GSA (E.D. Cal. May 25, 2012): Order dismissing civil action with prejudice for failure to state a claim upon which relief may be granted under section 1983 pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) [Doc. 29] (strike six); and

- <u>Williams v. Soto, et al.</u>, Ninth Circuit Appeal No. 14-15524 (May 14, 2014): Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous" [Doc. 7] ); June 6, 2014 Order dismissing appeal for failure to prosecute [Doc. 9]) (strike seven)

All of the preceding cases were dismissed well in advance of the March 11, 2019, filing of the instant action and none of the strikes have been overturned. Therefore, this Court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B. Imminent Danger Exception**

To satisfy the imminent danger exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); <u>see also</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312-14 (3rd Cir. 2001); <u>Medberry v.</u>

Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint names several defendants who are accused of violating plaintiff's rights during a 10-day period between February 10 and 20, 2019. Plaintiff's complaint, which was filed several weeks later, is beyond this 10-day period and ostensibly does not fall within the imminent danger exception. However, plaintiff alleges that he was transferred to a mental health crisis bed on February 20 with the understanding that he was still subject to the IDTT's February 19 discharge order. Presumably, that means that he would be returned to Ad-Seg where he claims he would face inadequate care for his mental health condition and retaliatory conduct on the part of several defendants – conditions that he also faced months earlier. For the purposes of the "imminent danger" exception and without prejudice to further motions on this topic, the Court finds that plaintiff's allegations are sufficient. See Andrew, 185 F.3d at 1057.

**C. Motion to Proceed In Forma Pauperis**

Turning now to plaintiff's motion to proceed in forma pauperis, plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**IV.**     **Screening of Plaintiff's Complaint**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**A. Linkage**

Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

(9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

Plaintiff's complaint identifies CO Diaz as a defendant but fails to include any charging allegations as to him. Plaintiff also accuses defendant Burns of ratifying certain conduct, but he fails to include any allegations that would suggest personal participation or a failure to act. Accordingly, both defendants are subject to dismissal from this action.

**B. Official v. Individual Capacity**

Plaintiff sues each defendant in his or her individual and official capacity and seeks declaratory relief and damages. However, plaintiff may not bring a suit for damages against defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Therefore, plaintiff fails to state a claim for damages against defendants in their official capacities, but he is not barred by the Eleventh Amendment from seeking declaratory relief against defendants in their official capacities, or from seeking money damages from defendants in their personal capacities.

**C. Request for Declaratory Relief**

In addition, review of the complaint reveals that the request for declaratory relief is redundant to plaintiff's damages claim. Specifically, plaintiff asks the Court to declare that the defendants' conduct violated plaintiff's constitutional rights, a declaration that the Court must already make in determining whether plaintiff's rights were violated. Declaratory relief should be denied where it is redundant or where it will serve no purpose in clarifying the dispute between

parties. United States v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc). Here, plaintiff's request for declaratory relief serves no purpose. Therefore, the declaratory relief claim should be dismissed.

**D. First Amendment Retaliation**

The fundamentals of a retaliation claim are easily summarized: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000)). It is the plaintiff's burden to prove each of these elements. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff accuses defendant Thompson, Houston, and Shoemaker of excluding plaintiff from necessary mental health care in retaliation for plaintiff's stated intent to file an inmate grievance. He also claims that he was forced to remain in the holding cage by defendant Castalas on direct order of "the sergeant" (presumably Sergeant Hawthorne) until he promised to stop threatening to file inmate appeals. These allegations are sufficient to proceed as to all five of these defendants.

**E. Eighth Amendment**

    **a. Conditions of Confinement**

The Eighth Amendment's cruel and unusual punishments clause, when applied to a conditions of confinement claim, involves a subjective and an objective prong. Wilson v. Seiter, 501 U.S. 294, 296-302 (1991). As to the objective prong, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1991)). The subjective prong requires showing "deliberate indifference," that is, that the defendants were acting "maliciously and sadistically for the very purpose of causing harm." Id. at 302 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986) and Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995) (holding that in order to establish deliberate

indifference, a plaintiff must point to evidence in the record from which a trier of fact might reasonably conclude that he was placed at risk of "objectively, sufficiently serious" harm, and that a prison official had a "sufficiently culpable state of mind.") (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)).

Plaintiff claims that defendants Thompson, Houston, and Shoemaker ordered plaintiff to be housed in Ad-Seg, a housing option that only some months prior resulted in such severe abuse, neglect and/or decompensation that Houston himself had to intervene on plaintiff's behalf. Plaintiff satisfies the objective prong by alleging that the conditions in Ad-Seg were sufficiently serious in light of his mental health needs to constitute cruel and unusual punishment, and he satisfies the subjective prong as to these three defendants, who were aware of the seriousness of the prior incident but nonetheless decided to house plaintiff there.

### b. Medical Indifference

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id.</u> at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." <u>Id.</u> at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Plaintiff allegations against several defendants adequately state a medical indifference claim: (1) Psychiatric Technician Robinson for his refusal to treat plaintiff's cutting injury and refusal to allow plaintiff to decontaminate following the February 19 cutting incident, and (2) defendants Castalas and Perez for spraying plaintiff with pepper spray instead of providing medical

care following the same cutting incident. As for the decision to remove plaintiff from EOP-level care, plaintiff's allegations suggest only a difference of opinion as to the proper course of treatment for his mental health condition. This does not state a constitutional claim.

     **c. Excessive Force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Plaintiff accuses CO Scalley of forcefully pushing plaintiff into the holding cage, causing plaintiff's torso and head to slam into the back wall. He also accuses CO Castalas and CO Perez of each discharging an entire can of pepper spray on plaintiff in response to a cutting incident. These claims may proceed because he properly alleges that the force that each applied was excessive and unnecessary in light of the situation.

**F. Threats**

Insofar as plaintiff seeks to impose liability on any of the defendants for threatening him, he is hereby informed that verbal threats do not constitute cruel and unusual punishment. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (stating that it trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong).

////

////

### G. False Reports

Furthermore, the creation of a false report—as Psychiatric Technician Robinson is alleged to have done—is not actionable under § 1983. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized).

## V. Conclusion

Plaintiff's complaint states the following claims: (1) a First Amendment retaliation claim Thompson, Houston, Shoemaker, Castalas, and Hawthorne; (2) an Eighth Amendment deliberate indifference claim against Thompson, Houston, Shoemaker; (3) an Eighth Amendment medical indifference claim against Robinson, Castalas, and Perez; and (4) an Eighth Amendment excessive force claim against Scalley, Castalas, and Perez.

The remaining claims are not cognizable as pled. The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). In that case, the Court will issue findings and recommendations, plaintiff will have an opportunity to object, and the matter will be decided by the assigned district judge.

If plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim. The undersigned will then recommend that his remaining claims be dismissed.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, the Court ORDERS:

1. The Order to Show Cause (Doc. 9) is VACATED;

2. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form;

4. Within 30 days from the date of service of this order, plaintiff must:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this order and to dismiss all other claims; or

   c. Notify the Court in writing that he wishes to stand on his complaint as written; and

5. If plaintiff fails to comply with this order, the undersigned will recommend the action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **January 9, 2020**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE