UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>            Plaintiff,<br><br>      v.<br><br>THOMPSON, et al.,<br><br>            Defendants. | No. 1:19-cv-00330 NONE JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS<br><br>(Doc. Nos. 16, 19) |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 9, 2020, the assigned magistrate judge screened plaintiff's complaint and found that some of the claims could proceed, while others were not cognizable as plead. (Doc. No. 13.) In that screening order the magistrate judge provided plaintiff the option to stand on his original complaint, proceed with it as screened, or file an amended complaint. (*Id*.) Plaintiff filed a notice of his willingness to proceed on the complaint as screened and to dismiss the claims deemed non-cognizable by the screening order. (Doc. No. 14.) The magistrate judge thereafter issued findings and recommendations recommending that plaintiff's claims found to be non-cognizable in the screening order be dismissed, which were served on plaintiff and which contained notice to plaintiff that any objections thereto were to be filed within fourteen days after

1

1  service.  (Doc. No. 16.)  Plaintiff has since filed a document titled "motion to extend time and for
2  reconsideration" (Doc. No. 19), which the court construes as objections to the findings and
3  recommendations.  To the extent this document requested an extension of time to file objections
4  to the findings and recommendations, that request will be granted.  Plaintiff, who describes
5  having been transferred between institutions around the time the findings and recommendations
6  were issued, has shown good cause for the granting of an extension of time to file his objections
7  and the court has considered them.
8        Plaintiff's sole objection to the findings and recommendations concerns the magistrate
9  judge's conclusion that plaintiff had failed to state a cognizable claim against defendant
10 Correctional Officer ("CO") Madrigal.  Plaintiff contends that the allegations of his complaint
11 properly implicated CO Madrigal because he was "directly present and acting in concert with
12 deprivations imposed by Defendant Scalley…." (Doc. No. 19 at 2-3.)  According to plaintiff, CO
13 Madrigal should have interceded when his fellow officers violated plaintiff's rights.  In support of
14 his objection in this regard, plaintiff cites to a footnote in *United States v. Koon*, 34 F.3d 1416,
15 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996), in which the Ninth Circuit
16 noted that a police officer has a duty to intercede when their fellow officers violate the
17 constitutional rights of a suspect or other citizen.
18       Plaintiff's allegations as alleged in his complaint relating to CO Madrigal are limited to
19 the following:  CO Madrigal and CO Scalley escorted plaintiff to administrative segregation, CO
20 Madrigal was present when CO Scalley forcefully pushed plaintiff into the holding cell, and CO
21 Madrigal was present when CO Scalley removed plaintiff's legal papers and threatened him.
22 Contrary to plaintiff's suggestion, however, nothing in these allegations indicates that CO
23 Madrigal conspired or acted in concert with CO Scalley.  There is also no indication that CO
24 Madrigal knew CO Scalley would push plaintiff or that CO Madrigal had a "realistic opportunity"
25 to intercede in that moment. *See Cunningham v. Gates*, 229 F.3d 1271, 1289, 1290 (9th Cir.
26 2000). As for the confiscation of plaintiff's legal paperwork, this act implicates a constitutional
27 right only when it actually results in the thwarting of plaintiff's pursuit of a civil rights action or a
28 petition for writ of habeas corpus. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  Because plaintiff

has not alleged an actual injury stemming from CO Scalley's conduct, CO Madrigal's alleged failure to act does not serve as the basis for a cognizable claim.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for extension of time (Doc. No. 19) is granted**;**
2. The findings and recommendations filed February 7, 2010 (Doc. No. 16) are adopted in full;
3. This action shall proceed on the following claims: (1) a First Amendment retaliation claim Thompson, Houston, Shoemaker, Castalas, and Hawthorne; (2) an Eighth Amendment deliberate indifference claim against Thompson, Houston, Shoemaker; (3) an Eighth Amendment medical indifference claim against Robinson, Castalas, and Perez; and (4) an Eighth Amendment excessive force claim against Scalley, Castalas, and Perez.
4. All remaining claims and defendants are hereby dismissed; and
5. This matter is referred back to the magistrate judge.

IT IS SO ORDERED.

Dated:   **April 15, 2020**                              /s/ Dale A. Drozd
                                                         UNITED STATES DISTRICT JUDGE

3