UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMPSON, et al.,<br><br>    Defendants. | **1:19-cv-00330 NONE JLT (PC)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A SUBPOENA**<br><br>**(Doc. 39)** |

In this prisoner civil rights action, Plaintiff proceeds on several claims against defendants Thompson, Houston, Shoemaker, Cristales, Hawthorne, Rabaino, Scalley, and Perez. To date, all of the defendants have been served except for Perez, a correctional officer. As to him, the Litigation Coordinator at Corcoran State Prison in Corcoran, California ("CSP-Cor") declined to accept service for this defendant because "they are unable to identify 'Perez' because there are multiple staff members with that last name." (See Doc. 23.) Plaintiff now moves for a subpoena to be served on the CSP-Cor Litigation Coordinator to obtain documentation that would help identify the proper employee named Perez.

The Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," Austin v. Winett, 2008 WL

1

5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

Plaintiff's motion seeks a copy of the employee sign-in log sheet from February 19, 2019, which he contends would identify defendant Perez, who was assigned a "post position in CSPC YA04 administrative segregation unit (ASU) alongside defendant Cristales 2:00 p.m., to 10:00 p.m., which is considered 'Third Watch.'" (Doc. 39 at 1-2.) The Court finds that the information sought is relevant to Plaintiff's prosecution of this action, and the motion is sufficiently specific to clearly identify the information sought. It will therefore be granted. Accordingly, the Court **ORDERS** as follows:

    1. Plaintiff's motion for a subpoena (Doc. 39) is **GRANTED**;

    2. The Clerk of Court shall forward the following documents to the United States Marshal (USM):

        a. One completed and issued subpoena duces tecum to be served on:

            **Litigation Coordinator**

            **California State Prison, Corcoran**

            **4001 King Avenue**

            **Corcoran, CA 93212**

        b. One copy of the complaint (Doc. 1);

        c. One copy of Plaintiff's motion (Doc. 39);

        d. One completed USM–285 form; and

    e. Two copies of this order, one to accompany the subpoena and one for the USM;

  In completing the subpoena, the Clerk of Court shall list, as described here, the tangible item requested: A copy of the employee sign-in log sheet from February 19, 2019, which would help identify defendant Perez, who was assigned a "post position in CSPC YA04 administrative segregation unit (ASU) alongside defendant Cristales 2:00 p.m., to 10:00 p.m., which is considered 'Third Watch.'"

  3. Within thirty days from the date of this order, the USM is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;

  4. The USM shall effect personal service of the subpoena duces tecum, along with a copy of this order, a copy of the complaint, and a copy of Plaintiff's motion upon the individual named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);

  5. Within ten days after personal service is completed, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM–285 form; and

  6. Within fourteen days after service is completed, the Litigation Coordinator at California State Prison in Corcoran, California is directed to serve the responsive documents on Plaintiff:

  **John Wesley Williams**
  **Inmate # V-34099**
  **R.J. Donovan Correctional Facility (480)**
  **480 Alta Road**
  **San Diego CA 92179**

IT IS SO ORDERED.

 Dated:  **September 16, 2020**      **/s/ Jennifer L. Thurston**
                 UNITED STATES MAGISTRATE JUDGE