UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>            Plaintiff,<br><br>      v.<br><br>THOMPSON, et al.,<br><br>            Defendants. | 1:19-cv-00330-JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* PRIVILEGE AND ORDER STAYING DISCOVERY<br><br>(Doc. 66)<br><br>14-DAY DEADLINE |

John Wesley Williams is a state prisoner who brings this action against governmental employees for alleged violations of his constitutional rights. In particular, Plaintiff sues over the conditions of his confinement, which he contends pose an ongoing immediate danger of serious physical injury, given his history of mental illness and self-injurious behavior.

Previously, this Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") based on a finding that, while Plaintiff had more than "three strikes" for prior claims under section 28 U.S.C. § 1915(g), he alleged facts sufficient to raise the "imminent danger" exception for the case to proceed. (Doc. 13.) Defendants filed a motion to revoke Plaintiff's IFP status because Plaintiff is a three-strikes litigant and was not under any risk of imminent danger at the time he filed the Complaint. (Doc. 66-1.) Plaintiff filed a response in opposition. (Doc. 72.) For the reasons set forth below, the Court **RECOMMENDS** Defendants' motion be **GRANTED**,

that the Court revoke Plaintiff's IFP status, and require him to pay the filing fee or face dismissal of this action.

## I.     Three Strikes Analysis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the court grants the party leave to proceed IFP upon filing a good faith affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court may grant a prisoner-plaintiff permission to proceed IFP, but he must repay the fee from his prison account as funds become available. *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017) (citing 28 U.S.C. § 1915(b)). If the prisoner abuses the privilege of IFP status, a prisoner may lose his ability to proceed IFP. *Id.* "[P]roceeding IFP is a privilege, not a right." *Sonnier v. Los Angeles Cty. Dist. Attorney's Off.*, 33 F. App'x 252, 253 (9th Cir. 2002). The Prison Litigation Reform Act of 1995 ("PLRA") restricted the ability of prisoners to file cases IFP by adding a "three strikes" rule to section 1915:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see Skinner v. Switzer*, 562 U.S. 521, 535 (2011). Not all unsuccessful cases are "strikes" under this provision. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

In considering whether a dismissal counts as a strike, the court must carefully evaluate the order dismissing the prior action and determine that the action was dismissed because it was frivolous, malicious, or failed to state a claim. *Id.* A case is 'dismissed' for purposes of section 1915(g) even if the district court styles the dismissal as denial of a prisoner's IFP application. *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under section 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended

2

complaint," regardless of whether the case was dismissed with or without prejudice. *Harris v. Mangum*, 863 F.3d 1133, 1142–43 (9th Cir. 2017).

This Court previously reviewed and took judicial notice of seven dismissed cases that constitute strikes under section 1915(g): *Williams v. Narramore*, 2:03-cv-01972-UA-AJW (C.D. Cal., West. Div., July 25, 2003); *Williams v. Gonzer*, 2:04-cv-08941-UA-AJW (C.D. Cal., West. Div., Nov. 22, 2004); *Williams v. Young*, 2:08-cv-01737-WBS-CMK (E.D. Cal., June 4, 2010); *Williams v. Hubbard*, 2:10-cv-01717-UA-FFM (C.D. Cal., West. Div., July 6, 2010); *Williams v. Hubbard*, Ninth Circuit Appeal No. 10-56230 (Nov. 4, 2010); *Williams v. Harrington*, 1:09-cv-01823-GSA (E.D. Cal. May 25, 2012); and *Williams v. Soto*, Ninth Circuit Appeal No. 14-15524 (May 14, 2014). Upon the determination that Plaintiff had three or more strikes, this Court found that Plaintiff is precluded from proceeding IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.    Imminent Danger Exception

To satisfy the imminent danger exception of subsection 1915(g), the plaintiff must allege facts demonstrating that he was "under imminent danger of serious physical injury" at the time of filing the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The Ninth Circuit has adopted a definition of "imminent" as referring not only to events already taking place, but also to events "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (quoting Merriam-Webster's Collegiate Dictionary 580 (10th ed. 1999)). Therefore, a prisoner may meet the immediate danger requirement by alleging an ongoing danger of serious physical injury. *Andrews*, 493 F.3d at 1056 (following *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)).

This Court previously found that the constitutional violations alleged to have occurred during the 10-day period between February 10 and 20, 2019, do not fall within the imminent danger exception. (Doc. 13, *adopted by* Doc. 18.) However, the Court found that Plaintiff's allegations concerning his transfer to a mental health crisis bed on February 20, 2019, were sufficient to invoke the "imminent danger" exception because of the possibility that he would be

returned to an Administrative Segregation Unit, "where he claims he would face inadequate care for his mental health condition and retaliatory conduct on the part of several defendants—conditions that he also faced months earlier." (*Id.* at 8 (citing *Andrew*, 185 F.3d at 1057).) Upon this finding, the Court granted Plaintiff's request to proceed IFP.

### III.    REVOCATION OF IFP

Defendants filed the motion to revoke Plaintiff's IFP status based on information not previously provided to the Court. (*See* Doc. 66-1 at 2.) When a defendant challenges a prisoner's right to proceed IFP, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's IFP status. *Andrews*, 398 F.3d at 1116. Once the defendant has made out a prima facie case, the burden shifts to plaintiff to persuade the court that § 1915(g) does not apply. *Id.*

According to J. Perez, CDCR's Litigation Coordinator and prison housing records, Plaintiff was transferred to Facility 4B at California State Prison, Corcoran on February 26, 2019, as part of Corcoran's Indecent Exposure ("IEX") Pilot Program. (Doc. 66-2 at 2.) Under the IEX Program, inmates must be placed in a designated IEX housing unit for approximately ninety days for their first offense of indecent exposure and 180 days for inmates with two offenses. After the end of the term, the inmate returns to the classification committee for transfer to another facility or institution. (*Id.* at 3). In this case, Plaintiff remained at Facility 4B until he completed the IEX program on May 14, 2019, when he was transferred to Salinas Valley State Prison ("SVSP"). (*Id.* at 2.) Thus, when Plaintiff filed his Complaint on March 11, 2019, he was housed at Facility 4B, where there was no threat of retaliatory conduct by the Defendants.

Plaintiff filed a response in opposition to Defendants' motion. (*See* Doc. 72). Plaintiff admits he was not under the care or control of any Defendant when he filed this action. (Doc. 72 at 5) Though Thompson supervised the IEX program a year before Plaintiff's placement there, the suggestion that this demonstrates the imminent danger exception is pure speculation. Nevertheless, Plaintiff argues that the discharge from the mental health crisis bed was retaliatory and created an ongoing, imminent danger of serious physical injury because of Plaintiff's self-injurious behavior ("SIB") and suicidal ideations. (*See id.* at 3.) Plaintiff suggests that his mental health issues were

not "managed, quelled, or adequately treated" in IEX housing. (*Id.* at 3, 6.) Plaintiff complains of generally inadequate mental health care and his mental decomposition while in the IEX program, and he indicates that while housed at Corcoran IEX, "every SIB incident resulted in referral where Plaintiff['s] injuries were cleaned and bandaged." (*Id.* at 6.) Accepting this contention as true, this does not establish that the defendants had any role in the quality of the mental health treatment provided.  Likewise, the record does not support his contention that his placement at Facility 4B away from the Defendants posed an imminent danger of serious bodily injury at the time he filed his Complaint. Under these circumstances, Defendants have demonstrated that the imminent danger exception to section 1915(g) does not apply, and Plaintiff is not entitled to proceed without prepayment of fees. Accordingly, the Court **ORDERS** as follows:

1. Discovery and all other pending motions are **STAYED** pending the Court's ruling on these Findings and Recommendations and any objections thereto; and

2. The Clerk of Court shall assign a district judge to this case.

It is hereby **RECOMMENDED** that the Court **GRANT** Defendants' Motion to Revoke Plaintiff's *in forma pauperis* status (Doc. 66) and order Plaintiff to pay the filing fee in full or face dismissal of this case.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after the date of service of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 8, 2021**                  _ /s/ Jennifer L. Thurston
                                            CHIEF UNITED STATES MAGISTRATE JUDGE

5