|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMPSON, et al.,<br><br>        Defendants. | **Case No.: 1:19-cv-00330 JLT (PC)**<br><br>**ORDER GRANTING MOTION TO AMEND THE CASE SCHEDULE (Doc. 68); ORDER DENYING MOTIONS TO COMPEL WITHOUT PREJUDICE (Docs. 64, 65, 67, 70); ORDER DENYING MOTION FOR SANCTIONS (Docs. 69, 77); ORDER DENYING IN CAMERA REVIEW (Doc. 76); ORDER GRANTING REQUEST FOR EXTENSIONS OF TIME (Docs. 75, 80, 90); ORDER DENYING AS MOOT MOTION TO LIFT STAY (Doc. 86); ORDER GRANTING REQUEST FOR ISSUANCE OF A SUBPOENA (Doc. 81)** |

The parties have filed multiple motions. The Court addresses them in turn.

**I.    SCHEDULING**

Under the original scheduling order, all deadlines have passed. (*See* Doc. 63.) Given the outstanding discovery matters, Defendants' motion to modify the scheduling order, (Doc. 68), is granted as follows:

| | |
|---|---|
| Exhaustion Motion Deadline | 09/03/2021 |
| Deadline to Amend Pleadings | 10/01/2021 |
| Discovery Cut-ff Date | 11/05/2021 |
| Dispositive Motion Deadline | 12/30/2021 |

///

1  Defendants also request an extension of time to April 6, 2021, to respond to discovery requests

2  propounded in January and February 2021. (Doc. 80.) For good cause shown, the court

3  GRANTS *nunc pro tunc* Defendants' motions for extension of time. (Docs. 75, 80.)

4      On July 2, 2021, Plaintiff filed a motion to lift stay and proceed with action. (Doc. 86.)

5  The Court issued an order lifting the stay on November 30, 2020. (*See* Doc. 62.) Therefore, the

6  Court DENIES as moot Plaintiff's motion.

7  **II.    DISCOVERY**

8      Plaintiff has filed several motions to compel Defendants to provide more complete

9  responses to interrogatories and requests for production of documents propounded on

10  Defendants on November 23, 2020. (Docs. 64, 65, 67, 70.)

11      Defendants argue that Plaintiff served his discovery requests prior to the formal

12  commencement of discovery, which commenced seven days later. (Doc. 71 at 5–6.) Defendants

13  also argue that the motions to compel are premature because the parties have not met and

14  conferred or filed a joint discovery statement as required by Federal Rule of Civil Procedure

15  37(a)(1) and Local Rule 251(b).

16      These rules are generally do not apply to prisoner civil rights cases. The Court's

17  discovery and scheduling order provides:

18      Unless otherwise ordered, however, Local Rule 251 and the requirements set forth in Federal Rules of Civil Procedure 26 and 37 − that a party certify he/she
19  has conferred in good faith or attempted to confer with the opponent in an effort to resolve the dispute prior to seeking court action − shall not apply. Nevertheless,
20  voluntary compliance with this provision of Rules 26 and 37 is encouraged.

21  (Doc. 63 at 2.)

22      Upon review of the discovery requests propounded by Plaintiff and the responses by

23  Defendant, the Court finds that a conference would be beneficial, and Defendants' pleadings

24  indicate a willingness to arrange for a telephone conference. If the parties are unable to resolve

25  their discovery disputes without the Court's intervention, they **SHALL** file a joint statement

26  setting forth any remaining disagreements.

27      Plaintiff requests an award of sanctions against Defendants. (Docs. 69, 77.) The course

28  of discovery indicates that sanctions for the parties' discovery disputes are not warranted.

1   Therefore, Plaintiff's request is DENIED.

2   Plaintiff requests an order requiring Defendant Hackworth to produce privileged documents for *in camera* review, to which Plaintiff filed a response. (Docs. 76, 59.) Rule 26(b)(5)(A) governs withholding information on a claim of privilege. Fed. R. Civ. P. 26(b)(5)(A). At present, given the posture of discovery, the request is premature and therefore DENIED.

Plaintiff has filed a motion for service of a subpoena directed to the CSP-Corcoran litigation coordinator and/or the custodian of records, for a mental health form 7497, dated February 19, 2019, regarding a suicide observation log. (Doc. 81 at 6–7.) He asserts that he has attempted to view and obtain the record through normal procedures several times, but the document has not been produced. (*Id.* at 2.) He indicates that the record will show that he was engaging in "self-injurious behavior" at the time that Defendants discharged him, and this demonstrates that the defendants acted in a retaliatory motive. (*Id.* at 3.)

The Court finds that the information sought is relevant to Plaintiff's prosecution of this action, and the motion is sufficiently specific to clearly identify the information sought. It is therefore **GRANTED**. However, any record produced **SHALL** be redacted to obliterate personally identifying information and medical information of other patients, if any such information is contained on the documents.

### III.     ORDER

As set forth above, the Court **ORDERS**:

1. Defendants' motion to modify the discovery and scheduling order (Doc. 68) is **GRANTED**. Any motion to dismiss for failure to exhaust administrative remedies[1] SHALL be filed no later than September 3, 2021. The deadline to amend the pleadings is extended to October 1, 2021. All discovery SHALL be completed no later than November 5, 2021, and any dispositive motions SHALL be filed no later than December 30, 2021.

---

[1] Because the deadlines are so close in time, if the defense intends to file a motion related to the failure to exhaust *and* a motion for summary judgment as to the merits, the defense may combine the motions into one and file it no later than December 30, 2021. If, however, the defense will file *only* a motion related to exhaustion, that SHALL be filed no later than September 3, 2021.

3

1    2.   Plaintiff's motions to compel (Docs. 64, 65, 67, 70), are **DENIED without
2    prejudice**.
3    3.   The parties **SHALL** conduct a conference to resolve discovery disputes without
4    court intervention, and if any issues remain unresolved, file a joint discovery statement.
5    4.   Plaintiff's requests for sanctions (Docs. 69, 77) are **DENIED**.
6    5.   Defendants' request for an extension of time to respond to discovery and
7    pending motions (Doc. 75) is **GRANTED** *nunc pro tunc*.
8    6.   Plaintiff's request for *in camera* review (Doc. 76) is **DENIED**.
9    7.   Defendants' request an extension of time to April 6, 2021, to respond to
10   discovery requests propounded in January and February 2021, (Doc. 80), is **GRANTED** *nunc
11   pro tunc*.
12   8.   Plaintiff's motion to lift stay (Doc. 86) is **DENIED** as moot.
13   9.   Defendants' *ex parte* motion for extension of time to August 23, 2021, to file a
14   response in opposition to Plaintiff's motion to amend complaint (Doc. 90) is **GRANTED**.
15   10.  Plaintiff's motion for service of subpoena (Doc. 81) is **GRANTED**. The Clerk of
16   Court shall forward the following documents to the United States Marshal (USM):
17       a. One completed[2] and issued subpoena duces tecum to be served on:

**Custodian of Records**
**California Correctional Health Care Services**
**Attn: Mental Health**
**P.O. Box 588500**
**Elk Grove, CA 95758**
**(916) 691-3000**
**Fax (916) 691-6183**

    b. One copy of the complaint (Doc. 1).

    c. One copy of Plaintiff's motion (Doc. 81).

    d. One completed USM–285 form.

    e. Two copies of this order (one to accompany the subpoena and one for the use of the USM).

---

[2] The subpoena shall seek the suicide observation log (mental health form 7497) dated February 19, 2019, for the plaintiff, John Williams, CDCR # V-34099, while housed at Corcoran State Prison. Any documents produced **SHALL** be redacted to exclude medical information and personally identifying information for any other patient, if any.

4

  f. **Within 30 days** from the date of this order, the USM is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure.

  g. The USM shall effect service of the subpoena duces tecum, along with a copy of this order, a copy of the complaint, and a copy of Plaintiff's motion upon the individual named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

  h. Within 10 days after service is effected, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM–285 form.

  i. Within 14 days after service is effected, the responsive documents SHALL be served on Plaintiff as follows:

> **John Wesley Williams**
> **Inmate # V-34099**
> **R.J. Donovan Correctional Facility (480)**
> **480 Alta Road**
> **San Diego CA 92179**

11. The Clerk of Court is DIRECTED to mail a courtesy copy of the completed and issued subpoena to:

> **Litigation Coordinator**
> **California State Prison, Corcoran**
> **4001 King Avenue**
> **Corcoran, CA 93212**

IT IS SO ORDERED.

 Dated:  **August 18, 2021**     _____ /s/ Jennifer L. Thurston
                  CHIEF UNITED STATES MAGISTRATE JUDGE