UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMPSON, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00330-NONE-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** (Doc. 87); **GRANTING DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE EXHAUSTION MOTION** (Doc. 93); **DENYING AS MOOT PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING ORDER FOR ISSUEANCE OF A SUBPOENA** (Doc. 94) |

Plaintiff has filed a motion to amend the complaint to add two defendants, and he has lodged the proposed amended complaint. (Docs. 87, 88.) Plaintiff seeks to add claims against Kathleen Allison as Secretary of the California Department of Corrections and Rehabilitation and Martin Gamboa, Chief Deputy Warden and Associate Warden at Corcoran State Prison ("CSP"). (Doc. 88.) Defendant filed a response in opposition, and Plaintiff filed a reply. (Docs. 92, 96.)

Under Rule 15 of the Federal Rules of Civil Procedure, the plaintiff may amend its pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). The Rule provides that "[t]he court should freely give leave when justice so requires." *Id.* The United States Supreme Court has stated that "this mandate is to be heeded." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med.*

1  *Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring
2  amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655
3  F.2d 977, 979 (9th Cir. 1981).

4        The district court may exercise its discretion to deny amendment for reasons "such as
5  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
6  deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue
7  of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182
8  (1962); *accord Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010);
9  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). These factors
10 are not of equal weight as prejudice to the opposing party has long been held to be the most
11 critical factor in determining whether to grant leave to amend. *Eminence Cap., LLC v. Aspeon,*
12 *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th
13 Cir. 1990). "Undue delay by itself . . . is insufficient to justify denying a motion to amend."
14 *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting
15 *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)). Futility alone is sufficient to justify the
16 denial of a motion to amend. *Smith v. Parriot*, No. 1:19-cv-00286-NONE-GSA-PC, 2021 WL
17 3616732, at *2 (E.D. Cal. Aug. 16, 2021).

18       On January 9, 2020, the Court entered a screening order finding that Plaintiff's complaint
19 stated the following claims: Plaintiff's complaint states the following claims: (1) a First
20 Amendment retaliation claim against Thompson, Houston, Shoemaker, Castalas, and Hawthorne;
21 (2) an Eighth Amendment deliberate indifference claim against Thompson, Houston, Shoemaker;
22 (3) an Eighth Amendment medical indifference claim against Robinson, Castalas, and Perez; and
23 (4) an Eighth Amendment excessive force claim against Scalley, Castalas, and Perez. (Doc. 13 at
24 15.)  The Court found that the remaining claims were not cognizable as pleaded. (*Id.*) The Court
25 granted Plaintiff an opportunity to file an amended complaint. (*Id.*) Plaintiff instead elected to
26 proceed only on those claims found cognizable and voluntarily dismissed two of the defendants.
27 (Doc. 14.)

28       Since then, Plaintiff has engaged in active motion practice and has had ample opportunity

to seek the amendment without undue delay. Allowing Plaintiff to add claims against Allison and Gamboa would require significant, additional discovery, which would cause prejudice to the Defendants. These factors weigh heavily against allowing the amendments.

The Court also finds that the proposed amendments are futile, and the motion to amend should be denied on this basis as well. In the proposed amended complaint, Martin Gamboa, the Chief Deputy Warden and Associate Warden at CSP, is named as a defendant being sued in his individual and official capacity. However, the amended complaint contains no other reference to or charging allegations against Gamboa. Because the amended complaint does not state a claim against Gamboa, amending the complaint to add him as a defendant would be futile.

Plaintiff also seeks to add as a defendant Kathleen Allison, the Secretary of CDCR, for unconstitutional "statewide policies and practices." (Doc. 88 at 6, 8, 9, 14.) Plaintiff alleges as follows:

> Defendant Allison explicitly ratified statewide policies and practices which (a) prohibited CDCR [Mental Health Services Delivery System "MJSDS"] employees from providing treatment for exhibitionism; (b) refusing to acknowledge exhibitionism as a clinical diagnosis requiring treatment or authorize MHSDS subordinates to facilitate referrals for treatments; and (c) impose underground regulations that instruct and allowed subordinates to respond to and treat clinical symptoms of exhibitionism with mistreatment, punishment, discipline, segregation, and open advertisement to the prison population as [a] pervert or sex offender to ensure imminent danger conditions.

(*Id.* at 6.) Plaintiff also alleges that CDCR and Allison arranged for condemned housing units at CSP to be opened for the Corcoran Indecent Exposure ("IEX") pilot program, contradicting (a) and (b).

Plaintiff complains that he was being treated by the MHSDS at a mental health crisis bed and an Enhanced Out Patient ("EOP") level of care, when he was rehoused in the IEX program. (*Id.* at 5, 8.) According to Plaintiff, he was disciplined and punished by being placed in the IEX program, rather than receiving treatment for his exhibitionism. (*Id.* at 9.) His allegations of mistreatment, however, are directed at Defendant Thompson and the other named defendants. (Doc. 88 at 7.) He cannot sue Secretary Allison under the theory of *respondeat superior* liability

3

for the defendants' acts. *Iqbal*, 556 U.S. at 676–77; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has failed to make allegations indicating Allison caused the damages he claims. Therefore' he has failed to state a cognizable claim of supervisory liability based on a constitutionally deficient policy.[1] *See Williams v. Allison*, No. 1:19-cv-00371-BAM (PC), 2021 WL 3502359, at *7 (E.D. Cal. July 21, 2021), *clarified on denial of reconsideration*, No. 1:19-cv-00371-BAM (PC), 2021 WL 3488283 (E.D. Cal. Aug. 9, 2021). Plaintiff has repeatedly referred to Defendant Allison and "statewide policies and practices," but this repetition does not establish a basis for liability against Allison for her role in establishing or implementing the IEX program at CSP. Therefore, Plaintiff's motion to amend the complaint is **DENIED**.

Plaintiff has also filed a motion for clarification, (Doc. 94), regarding the Court's order granting Plaintiff's request for issuance of the subpoena. (Doc. 91). The subpoena was issued on August 18, 2021 and served on September 9, 2021. Accordingly, Plaintiff's motion for clarification is **DENIED as moot**.

Also pending before the court is Defendants' *ex parte* motion for an extension of time through September 17, 2021, to file a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. Prisoners are required to exhaust available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Defendants have already filed their motion for summary judgment, and Plaintiff has already filed a response in opposition. (Docs. 97, 99.) For good cause shown, the Court **GRANTS** Defendants' motion for an extension of time *nunc pro tunc*. (Doc. 93.)

///

---

[1] Defendants argue that individual claims against Allison and Gamboa are barred by *Coleman v. Schwarzenegger*, 922 F. Supp. 2d 882 (E.D. Cal. 2009). However, *Coleman* concerned the effects of overcrowding on mental health of prisoners and reduction of prisoner population and is inapposite here. *But O'Keefe v. Brown*, No. 2:11-cv-2659 KJM KJN P, 2013 WL 34702, at*6 (E.D. Cal. Jan. 2, 2013) (finding that plaintiff's individual claims seeking broad, systemic changes to the provision of mental health care in prison is covered and precluded by the *Coleman* class action).

Accordingly, the Court ORDERS:

1. Plaintiff's motion to amend the complaint, (Doc. 87), is **DENIED**.
2. Plaintiff's motion for clarification regarding the subpoena, (Doc. 94), is **DENIED as moot**; and
3. Defendants' motion for an extension of time, (Doc. 93.), is **GRANTED** *nunc pro tunc*.

IT IS SO ORDERED.

Dated:   **September 29, 2021**                              **/s/ Jennifer L. Thurston**
                                                                                    CHIEF UNITED STATES MAGISTRATE JUDGE