| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>      Plaintiff,<br><br>   v.<br><br>THOMPSON, et al.,<br><br>      Defendants. | Case No. 1:19-cv-00330-AWI-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 97, 117)<br><br>Clerk of Court to close the case. |

Plaintiff John Wesley Williams is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 5, 2022, the assigned magistrate judge issued findings and recommendations, finding that plaintiff failed to exhaust administrative remedies and recommending that defendants' motion for summary judgment be granted.  (ECF No. 117.)  In particular, the magistrate judge found that the undisputed evidence establishes that plaintiff submitted his grievance after the filing of the complaint.

Plaintiff filed timely objections, arguing that the findings and recommendations "centers around evidence concerning plaintiff's inmate appeal history rather than the pleaded facts

establishing the element of retaliation while defendants offered no competent evidence to refute the claims of retaliation in itself." (ECF No. 118.) Plaintiff's observations are correct: at this stage of the proceedings, defendants' motion for summary judgment is based on non-exhaustion of remedies and does not address the merits of his constitutional claims. Accordingly, the findings and recommendations were based appropriately on evidence concerning his inmate appeals, the availability and exhaustion of remedies, and the sufficiency of the information provided in the grievances to give defendants notice of the claims raised against each of them in this lawsuit.

Plaintiff also argues that the findings and recommendations contradict the court's order of January 9, 2020. (ECF No. 13, vacating ECF No. 9.) Upon its initial review of the complaint, the court determined the alleged constitutional violations occurred three weeks prior to filing the complaint, which would not have been enough time to exhaust administrative remedies. (See ECF No. 9.) Therefore, the court ordered plaintiff to show cause why the case should not be dismissed for failure to exhaust administrative remedies prior to the filing of the complaint. (Id. at 4.)

In response to the court's show cause order, plaintiff argued that defendants' retaliatory actions rendered administrative remedies unavailable. (ECF No. 10 at ¶ 4.) In particular, plaintiff asserted:

> This action should not be dismissed because the complaint plead plausible facts, 'set forth in sufficient factual matter,' which clearly show that plaintiff was excused from exhaustion of administrative remedies before filing suit due to being threatened, harassed, retaliated against, and violated in direct response to efforts at utilizing the inmate grievance process at California State Prison Corcoran.

(*Id.*, ¶ 3.) The court accepted plaintiff's response at face value, without requiring evidence to support his representations. Moreover, the purpose of the order to show cause was to determine whether to proceed with consideration of plaintiff's *in forma pauperis* application and screening of the complaint. The court's finding of good cause to vacate the order to show cause was not a finding of fact concerning the availability and exhaustion of administrative remedies.

Plaintiff further objects to the findings and recommendations based on the magistrate

judge's failure to address the unavailability exception to the exhaustion requirement.  (ECF No. 118 at 4.)  On the contrary, the magistrate judge addressed plaintiff's arguments and found that "factual disputes over whether Plaintiff actually submitted a grievance on March 7, 2019, and whether Defendants failed to process the grievance, thereby rendering the administrative remedies unavailable, are not material." (ECF No. 117 at 13.)

As indicated in the findings and recommendations, the record demonstrates that Plaintiff pursued the inmate appeals procedure by filing a grievance on February 25, 2019, appropriately separated into three grievances; appealing his grievances until exhausted; and filing this section 1983 action.  However, Plaintiff filed the action prematurely on March 4, 2019, prior to exhaustion of his grievances.

Plaintiff again pursued the inmate appeals procedure by preparing another grievance on March 5, 2019, and submitted it to a prison official on March 7, 2019.  Plaintiff argues that he never received a response to this grievance, rendering the administrative remedies unavailable. Nonetheless, by Plaintiff's own account, the complaint in this action was filed prior to his submission of the grievance for review.  Under these circumstances, the magistrate judge made no error in concluding that Plaintiff failed to exhaust available administrative remedies before filing this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.  Defendants have demonstrated that there are no genuine issues of material fact related to exhaustion of administrative remedies, and he is entitled to judgment as a matter of law on the issue of plaintiff's failure to exhaust those remedies.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on December 5, 2022, (ECF No. 117), are ADOPTED in full;
2. The Defendants' motion for summary judgment, (ECF No. 97), is GRANTED; and

3

3. The Clerk of Court is directed to terminate all pending motions and deadlines and to close this case.

IT IS SO ORDERED.

Dated: __April 7, 2023__  _____
SENIOR DISTRICT JUDGE